```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/1/17
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHRIS TAYLOR,

        Plaintiff,

-against-

AEGIS REALTY MANAGEMENT CORP., et al.,

        Defendants.

16-CV-4247 (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

Before the Court is a proposed settlement in a wage and hour action brought by plaintiff Chris Taylor against defendants Aegis Realty Management Corp. and Seth Miller. Plaintiff alleges that he was employed for approximately one year as a handyman at a residential and commercial building in the Bronx, owned and operated by defendants, and that defendants violated the Fair Labor Standards Act (FLSA) and New York Labor Law (NYLL) by failing to pay minimum wages, failing to pay time and a half for overtime, making unlawful deductions from plaintiff's wages, and failing to provide proper wage notices and weekly wage statements.

## BACKGROUND

The Honorable Ronnie Abrams, United States District Judge, referred this action to me for general pretrial management on June 9, 2016. (Dkt. No. 8.) After an initial case management and scheduling conference on January 30, 2017, I issued an Order (Dkt. No. 32) which, among other things, directed the parties to file a joint letter by March 3, 2017, either informing the Court that the case had settled or requesting a telephonic settlement conference. By letter dated March 3, 2017 (Dkt. No. 35), counsel for plaintiff stated the parties had engaged in settlement discussions but requested assistance from the Court to "finally resolve the case."

On May 12, 2017, I conducted a telephonic conference with counsel. By letter dated August 13, 2017 (Dkt. No. 37), counsel for plaintiff submitted a proposed settlement agreement

(Agreement) and requested the Court's approval under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015*), cert. denied*, 136 S. Ct. 824 (2016)). However, the Agreement, which provided for a gross settlement amount of $10,000, was executed by plaintiff only. (Dkt. No. 37-1.) On August 31, 2017, counsel for defendants moved to withdraw. (Dkt. No. 38.) I denied the motion by Order dated September 7, 2017. (Dkt. No. 40.)

On September 13, 2017 (Dkt. No. 42), the parties submitted a fully executed copy of their Agreement (Dkt. No. 42-1), unaccompanied by any motion or application for *Cheeks* approval. By Order dated September 15, 2017 (Dkt. No. 43), Judge Abrams reminded the parties that they "may not stipulate to dismissal with prejudice without the Court's approval" (Dkt. No. 43, at 1) (citing *Cheeks*, 796 F.3d at 206), and that they could consent to conduct further proceedings before the undersigned Magistrate Judge. *Id.*

On September 19, 2017, the parties consented to my jurisdiction for all purposes, but still failed to move for *Cheeks* approval. (*See* Dkt. Nos. 44, 45.) By Order dated October 3, 2017 (Dkt. No. 46), I ordered the parties to submit, no later than October 10, either (a) a stipulation dismissing this action without prejudice pursuant to Fed. R. Civ. P. 41; or (b) a joint letter setting forth their views as to why their settlement agreement is fair and reasonable and should be approved in light of the factors enumerated in *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012), together with counsel's time and expense records to the extent necessary to support any proposed award of attorneys' fees and costs. On October 10, 2017 the parties submitted a letter discussing the *Wolinsky* factors (Dkt. No. 47), along with another fully-executed copy of their proposed Agreement (Dkt. No. 47-1) and counsel's time records (Dkt. No. 47-2).

The Agreement requires defendants to pay a total of $10,000. Ag. ¶¶ 2(a)-(c). Out of that $10,000, plaintiff's counsel will receive the sum of $3,705, comprising $558 in costs and $3,147 in fees. *Id.* ¶ 2(c). Plaintiff has also submitted his attorneys' billing records, showing that counsel spent a total of 43.68 hours on this case. By letter dated October 29, 2017 (Dkt. No. 48), counsel for plaintiffs requested "expedited disposition of the parties' request for approval," and stated that plaintiff "very much needs" the payments provided for in the Agreement "to take care of his daily living needs."

## ANALYSIS

Settlements that dismiss FLSA claims with prejudice require approval of the district court or the Department of Labor. *See Cheeks*, 796 F.3d at 206. Before a district court enters judgment in such a case, it must scrutinize the settlement to determine that it is "fair and reasonable." *Wolinsky*, 900 F. Supp. 2d at 335. In making that determination, the Court must consider the totality of the circumstances, including, but not limited to the following factors:

> (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Id.* (citing *Medley v. Am. Cancer Soc.*, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)). For the reasons that follow, I find that the Agreement in this action is fair and reasonable.

Having supervised a portion of the parties' settlement negotiations during the May 12, 2017 telephonic conference, and having reviewed their filings in this case, I am satisfied with the fairness of the negotiations leading up to the settlement. I am also satisfied that the financial terms of the settlement are fair and reasonable when considered in light of the range of damages that plaintiff could reasonably hope to recover at trial, uncertainty regarding defendants' ability

3

to pay, as well as the inherent time, cost, and risk savings for both sides in settling this case at this juncture. The Agreement also provides for a limited release of claims by plaintiff, which appears fair and reasonable. Ag. ¶ 4.

Finally, the amount allocated to attorneys' fees, which constitutes one third of the total settlement payment net of costs, is fair and reasonable in the context of this action. *See, e.g.*, *Zhang v. Lin Kumo Japanese Rest. Inc.*, 2015 WL 5122530, at *4 (S.D.N.Y. Aug. 31, 2015) ("barring unusual circumstances," a fee "in excess of one-third of the settlement amount disserves the FLSA's important interest in fairly compensating injured plaintiffs"). This Court's practice, even in non-class cases where the fee is one-third or less of the settlement amount, is to review counsel's billing records to ensure that a seemingly reasonable contingency agreement is not, in fact, unreasonable in light of any unusual circumstances or unique features of the case. *See, e.g.*, *Zhang,* 2015 WL 5122530, at *2-4 (reviewing reasonableness of counsel's fee under both the lodestar and the percentage-of-recovery method); *Velasquez v. Safi-G, Inc.*, 137 F. Supp. 3d 582, 586 (S.D.N.Y. 2015) (rejecting one-third contingency fee as unreasonable where, among other things, little work was done prior to settlement and "nearly half" was done "after counsel had already been paid"). In this case, the billing records raised no such concerns.

## CONCLUSION

Having found that the Agreement is fair and reasonable, as required by *Cheeks*, 796 F.3d at 206, the Court approves the parties' settlement. It is hereby ORDERED that this action is DISMISSED with prejudice and without costs. The Clerk of the Court is directed to close the case.

Dated: New York, New York
November 1, 2017

**SO ORDERED.**

_____
**BARBARA MOSES**
**United States Magistrate Judge**